UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALVA RALPH HIXSON, III, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:09-cv-3949 |
| § | |
| HOUSTON INDEPENDENT SCHOOL § | |
| DISTRICT, ET AL., § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Pending before the Court are Defendants' Rule 12(b)(6) Motion to Partially Dismiss (Doc. No. 23) and Defendants' Rule 12(b)(6) Motion to Partially Dismiss Plaintiff's Second Amended Complaint (Doc. No. 34).

After considering the Motions, all responses and replies thereto, and the applicable law, the Court finds that Defendants' Rule 12(b)(6) Motion to Partially Dismiss (Doc. No. 23) must be granted, and Defendants' Rule 12(b)(6) Motion to Partially Dismiss Plaintiff's Second Amended Complaint (Doc. No. 34) must be granted.

### I.     BACKGROUND

The following facts are taken from Plaintiff's Second Amended Complaint (Doc. No. 26). For the purposes of the motion to dismiss, we accept the following facts as true. Alva Ralph Hixson, III ("Plaintiff" or "Hixson") is over 40 years of age. He was a participant in the Houston Independent School District's ("HISD") Alternative Certification Program ("ACP"). Hixson desired a position as a Special Education/Elementary Education teacher in the HISD schools. From May 26, 2008 to December 22, 2008, he applied for several full-time positions as a Special Education/Elementary Education teacher. HISD did not hire Hixson for the full-time positions

and instead hired younger, less-qualified applicants who had participated in ACP. As a result, Hixson remains a substitute teacher with lower pay and fewer benefits than a full-time teacher.

Hixson filed a Charge of Discrimination based on age with the U.S. Equal Employment Opportunity Commission ("EEOC") on January 27, 2009. In his Charge, he listed the "Date(s) Discrimination Took Place" as May 26, 2008 to December 22, 2008. He also checked the box "Continuing Action." On September 25, 2009, the EEOC issued a Notice of a Right to Sue.

Hixson filed suit against HISD and eleven individual defendants (the "Individual Defendants") that are members of the HISD school board or are HISD personnel. He alleged that HISD and the Individual Defendants had discriminated again him based upon his age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq*., HISD and the Individual Defendants moved to dismiss Hixson's Amended Complaint. (Doc. No. 23.) Hixson subsequently filed a Second Amended Complaint and a Response to HISD's and the Individual Defendants' motion to dismiss. (Docs. No. 26, 32.) HISD and the Individual Defendants filed a subsequent motion to dismiss Hixson's Second Amended Complaint and a Reply to Plaintiff's Response (Doc. No. 34.) Hixson has responded. (Doc. No. 36.) The motions are briefed and are ripe for disposition.

## II.     LEGAL STANDARD

### A. Rule 12(b)(1)

The court must dismiss a case when the plaintiff fails to establish subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman v. Federal Election Com'n*, 138 F.3d 144, 151 (5th Cir. 1998). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the

2

case. *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted). The burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Stockman*, 138 F.3d at 151.

**B. Rule 12(b)(6)**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1950 (citation omitted). The court should not "'strain to find inferences

favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)). A district court can consider the contents of the pleadings, including attachments thereto, as well as documents attached to the motion, if they are referenced in the plaintiff's complaint and are central to the claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). Furthermore, a court may refer to matters of public record when deciding a motion to dismiss. *Chauhan v. Formosa Plastics Corp.*, 212 F.3d 595, 595 (5th Cir. 2000). Importantly, the court should not evaluate the merits of the allegation, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citation omitted); *Duke Energy Intern., L.L.C. v. Napoli*, Case No. H-09-2408, --- F. Supp. 2d ----, 2010 WL 3749298 (S.D. Tex. Sept. 21, 2010).

### III.    ANALYSIS

#### A. Hixson's Claims Against the Individual Defendants

The Individual Defendants seek dismissal of the age discrimination claims raised by Hixson against them because the ADEA does not create individual liability. Hixson does not oppose dismissal of his claims against the Individual Defendants. The Fifth Circuit, in upholding dismissal of claims against supervisory employees, has held that the ADEA "provides no basis for individual liability for supervisory employees." *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 686 (5th Cir. Tex. 2001) (quoting *Stults v. Conoco*, Inc., 76 F.3d 651, 655 (5th Cir. 1996)). Hixson here has brought claims against the Individual Defendants in their supervisory capacities

as school board members and the high-level personnel. We find that such claims cannot be brought under the ADEA. Therefore, we grant the Individual Defendants' motion to dismiss the claims against them.

### B. Exhaustion of Administrative Remedies

HISD seeks dismissal of any claims that Plaintiff may raise based on discriminatory acts that occurred before May 26, 2008 or after December 22, 2008. In his Original Complaint, Hixson sought back pay from May 26, 2008 to the present date. In his Amended Complaint, Hixson removed the time limitation from his prayer for relief in the form of back pay and added a request for lost wages and benefits from his date of hire, September 26, 2006, to the present. HISD contends that, through this amended request for damages, Hixson attempts also to add claims based on discriminatory acts that occurred prior to May 26, 2008. HISD argues that Hixson cannot do so because he failed to include claims from this period in his EEOC complaint. Hixson responds that he should be given leave to amend his complaint to include acts of discrimination that occurred before May 26, 2008.

A plaintiff must file a charge of discrimination with the EEOC prior to filing a civil action in court. 29 U.S.C. § 626(d)(1); *Julian v. City of Houston*, 314 F.3d 721, 725 (5th Cir. 2002) ("[A] person seeking relief under the ADEA must first file an administrative charge with the EEOC."). Section 626(d)(1) also establishes time limits for the filing of the EEOC charge. In states like Texas, which have an agency with the authority to grant or seek relief relating to unlawful employment practices, the plaintiff must file the charge of discrimination no later than 300 days after the act of discrimination occurred. 29 U.S.C. § 626(d)(1)(B); *Julian*, 314 F.3d at 725. A refusal to hire is a discrete act of discrimination, and each incident of discrimination

constitutes a separate actionable "unlawful employment practice." *AMTRAK v. Morgan*, 536 U.S. 101, 114 (2002). As the Supreme Court has stated:

> [D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred. The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed. Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim.

*Morgan*, 536 U.S. at 113. Thus, to be timely, a EEOC charge must be based on acts that "occurred" within the appropriate time period. *Id.* An exception to this rule is a claim based on a hostile work environment, which comprise a number of acts occurring over a period of time and are based on the cumulative effect of individual acts. *Id.* at 115. In order for an EEOC charge based on a hostile work environment claim to be timely, the plaintiff need only file a charge within 300 days of any act that is part of the hostile work environment. *Id.* at 118.

Here, Hixson has not alleged age discrimination based on a hostile work environment. Rather, he alleges age discrimination in the form of HISD's refusal to hire him for a permanent teacher position. A refusal to hire is a discrete act of discrimination. As such, Hixson must have filed a charge of discrimination with the EEOC no later than 300 days after each refusal to hire occurred.

With respect to refusals to hire that occurred prior to May 26, 2008, Hixson is barred from basing his claims of discrimination on these acts by HISD. First, since Hixson filed his EEOC charge of discrimination on January 27, 2009, the earliest refusal of hire that could serve as a basis for a discrimination claim would have occurred on April 2, 2008. Therefore, any acts of discrimination occurring prior to April 2, 2008 are time-barred. Second, any acts of

discrimination that occurred between April 2, 2008 and May 25, 2008 are unexhausted. Hixson listed May 26, 2008 as the earliest act of discrimination on his EEOC charge. Though he also checked the box for "continuing action," each refusal to hire is a discrete act and starts its own clock for filing charges based on that refusal to hire.

Similarly, with respect to refusals to hire that occurred after December 22, 2008, these refusals are unexhausted. To be actionable, Hixson should have filed an EEOC charge for these acts of discrimination no later than 300 days after each act of discrimination. Since he has failed to do so, these acts are unexhausted.

Hixson cites *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006), for the principle that judicial review of a Title VII claim is interpreted broadly, "not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination.'" (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)). *Pacheco*, however, does not address the situation presented here, where Hixson would like to bring in claims based on acts of discrimination that occurred prior to 300 days of the filing of his EEOC charge. *Pacheco* addresses the *substantive* scope of an EEOC investigation that can grow out of the facts alleged in the charge of discrimination. So, for example, a court may allow a charge of individual discrimination to support a claim for class-wide discrimination. *Fellows v. Universal Restaurants, Inc.*, 701 F.2d 447, 451 (5th Cir. 1983). A court may allow a charge alleging discrimination by a conductor to support claims of discrimination by higher supervisors. *Gamble v. Birmingham Southern Railroad Co.*, 514 F.2d 678 (5th Cir. 1975). Or, a court may disallow a claim of sex discrimination where the plaintiff's charge only alleged race and age discrimination. *Young v. City of Houston*, 906 F.2d 177 (5th Cir. 1990). *Pacheco* does not allow untimely and discrete

7

acts of discrimination to be brought into a civil action where timely and discrete acts of discrimination serve as the basis of the EEOC charge.

Thus, we must dismiss Hixson's claims of discrimination that are based on acts of discrimination occurring prior to May 26, 2008 or after December 22, 2008.

## IV. CONCLUSION

For the reasons stated in this order, Defendants' Rule 12(b)(6) Motion to Partially Dismiss (Doc. No. 23) is **GRANTED.** Defendants' Rule 12(b)(6) Motion to Partially Dismiss Plaintiff's Second Amended Complaint (Doc. No. 34) is **GRANTED.**

Hixson's claims against the Individual Defendants are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 2nd day of May, 2011.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE