UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALVA RALPH HIXSON, III, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:09-cv-3949 |
| § | |
| HOUSTON INDEPENDENT SCHOOL § | |
| DISTRICT, ET AL., § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. No. 50) and Plaintiff's Motion for Leave to File Fourth Amended Complaint (Doc. No. 51).

After considering the Motions, all responses and replies thereto, and the applicable law, the Court finds that Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. No. 50) must be denied as moot, and Plaintiff's Motion for Leave to File Fourth Amended Complaint (Doc. No. 51) must be granted in part and denied in part.

I.  BACKGROUND

The following allegations are taken from Plaintiff's Second Amended Complaint (Doc. No. 26) and for the purposes of this motion will be assumed to be true.[1] Alva Ralph Hixson, III ("Plaintiff" or "Hixson") is over 40 years of age. He was a participant in the Houston Independent School District's ("HISD") Alternative Certification Program ("ACP"). Hixson desired a position as a Special Education/Elementary Education teacher in the HISD schools. From May 26, 2008 to December 22, 2008, he applied for several full-time positions as a Special

---

[1] Plaintiff's proposed Third and Fourth Amended Complaints do not modify the allegations in the Second Amended Complaint, but rather add to them.

Education/Elementary Education teacher. HISD did not hire Hixson for the full-time positions and instead hired younger, less-qualified applicants who had participated in ACP. As a result, Hixson remains a substitute teacher with lower pay and fewer benefits than a full-time teacher.

Hixson filed a Charge of Discrimination (the "EEOC Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") on January 27, 2009. In his EEOC Charge, Hixson stated that he had passed all three required ACP tests and subsequently applied for teaching positions. He further stated that he had failed to receive these positions even though younger, less-experienced individuals who had only passed one of the three ACP tests had been hired. Hixson had not received any explanation for these hiring decisions. He alleged in the EEOC Charge that he had been discriminated against on the basis of his age.

Hixson filed suit against HISD and eleven individual defendants (the "Individual Defendants") that are members of the HISD school board or HISD personnel. He alleged that HISD and the Individual Defendants had discriminated against him based upon his age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq*. In a memorandum and order dated May 2, 2011, the Court dismissed the Individual Defendants from this lawsuit. In addition, the Court dismissed Hixson's claims based on acts of discrimination that occurred prior to May 26, 2008 or after December 22, 2008 due to a failure to exhaust administrative remedies with respect to these claims. Hixson has now filed motions for leave to amend his complaint a third and a fourth time. The motions are briefed and ripe for disposition.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), a plaintiff may move to amend a complaint with leave of the court. Although a court should freely give leave when justice so requires, leave

to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S. D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). A district court reviewing a motion to amend pleadings under Rule 15(a) may consider factors such as "undue delay, bad faith or dilatory motive . . . undue prejudice to the opposing party, and futility of amendment." *In re Southmark Corp.*, 88 F.3d 311, 314-15 (5th Cir. 1996). To determine "futility," the Fifth Circuit applies "'the same standard of legal sufficiency as applies under Rule 12(b)(6).'" *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)). The Fifth Circuit has also recognized as futile amended claims over which a court would have no jurisdiction. *See McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989) (leave to amend adding Federal Tort Claims Act allegations would be futile where the plaintiff failed to exhaust administrative remedies, a jurisdictional prerequisite to Tort Claims Act suit).

### III. ANALYSIS

Hixson has moved for leave to amend his complaint and to add another component of damages and another discrimination claim. First, Hixson would like to add as a measure of damages "prejudgment interest on lost wages and benefits and post judgment interest on all sums," which was mistakenly removed from his First Amended Complaint. HISD has not objected to the addition of this measure of damages to Hixson's complaint. Hixson is entitled to postjudgment interest under 28 U.S.C. § 1961. As for prejudgment interest, the Fifth Circuit has recognized that "an award of prejudgment interest is generally considered consistent with the purpose of the ADEA to make the plaintiff whole." *Rhodes v. Guiberson Oil Tools*, 82 F.3d 615, 623-624 (5th Cir. 1996). We do not believe that HISD would be prejudiced by the inclusion of

3

this measure of damages. Thus, we grant Hixson leave to amend his complaint to add a claim for prejudgment interest on lost wages and benefits and post judgment interest on all sums.

Second, Hixson has moved to amend his complaint to add a claim for discrimination based on a theory of disparate impact. In his Fourth Amended Complaint, Hixson alleges that HISD has a practice of keeping health insurance costs low and maintains a system for making hiring decisions based in part on healthcare costs. This practice and hiring system has a disparate impact upon Hixson and other older employees, since the health care costs of older employees are higher than those of younger employees. In response to Hixson's motion for leave to add a disparate impact claim of discrimination, HISD contends that no such practice or hiring policy exists. In addition, HISD argues that amendment should be denied due to undue delay, prejudice, and futility.

We are mindful that Hixson is a *pro se* plaintiff and as such we should provide him with "every reasonable opportunity to amend" his complaint. *Pena v. United States*, 157 F.3d 984, 987 n.3 (5th Cir. 1998). With respect to the undue delay and prejudice to HISD, Hixson's allegations regarding existence of a policy to keep health care costs low, its disparate impact upon older applicants for full-time teaching positions, and the alleged statistical discrepancies in the hiring rates of older versus younger applicants have been present since the initiation of this lawsuit. At the various hearings held in this case and in his requests for discovery, Hixson has repeatedly referenced HISD's health care policies and hiring practices as underlying his claims of discrimination. HISD has been on notice regarding Hixson's theory of disparate impact discrimination for many months. We do not hold that undue delay or prejudice should bar Hixson from amending his complaint to add the disparate impact theory of discrimination.

However, allowing amendment to add a claim of disparate impact would be futile because Hixson has not administratively exhausted such a claim. As a precondition for filing suit under Title VII and the ADEA, a private employee must exhaust his administrative remedies by filing a charge of discrimination with the EEOC.[2] *McClain v. Lufkin Indus.*, 519 F.3d 264, 273 (5th Cir. 2008). The Fifth Circuit "interprets what is properly embraced in review of a Title-VII claim somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination.'" *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006) (*citing Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)); *Stith v. Perot Sys. Corp.*, 122 Fed. Appx. 115, 118-19 (5th Cir. 2005) (applying the *Sanchez* standard in the context of the ADEA). A court should engage in a "fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label." *Pacheco*, 448 F.3d at 789.

Disparate-impact discrimination addresses employment practices or policies that are facially neutral in their treatment of the protected groups, but, in fact, have a disproportionately adverse effect on such a protected group. *Hebert v. Monsanto*, 682 F.2d 1111, 1116 (5th Cir. 1982); *see also Smith v. City of Jackson*, 544 U.S. 228, 232 (2005) (ADEA authorizes recovery under a disparate impact theory of discrimination). In disparate-impact cases, proof or finding of discriminatory motive is not required. *Herbert*, 682 F.2d at 1111. The defendant, however, can rebut a *prima facie* showing of disparate impact by proving that the challenged policy is a business necessity. *Griggs v. Duke Power Co.*, 401 U.S. 424 (1973). In contrast, in disparate-

---

[2] Though HISD contends that administrative exhaustion implicates a court's subject matter jurisdiction, the Fifth Circuit is split on this issue. Some panels have held that Title VII prerequisites, such as the filing of an EEOC charge, are jurisdictional, while others have held that they are subject to waiver and estoppel. *Pacheco v. Mineta*, 448 F.3d 783, 788 n.6 (5th Cir. 2006) (citing cases). Hixson has not argued that HISD waived its right to challenge his disparate impact claims nor that HISD is estopped from bringing this challenge.

treatment discrimination, the challenged acts treat an employee worse than others based on the employee's protected characteristics, such as age. *International Brotherhood of Teamsters v. United States*, 431 U.S. 324 (1977). In disparate-treatment cases, proof and finding of discriminatory motive is required. *Id.*

In *Pacheco*, the Fifth Circuit addressed whether a plaintiff had administratively exhausted a disparate impact theory of discrimination in his EEOC charge. Relying on several district and circuit court decisions, the panel noted that the plaintiff had failed "to identify any neutral employment policy that would form the basis of a disparate-impact claim." *Pacheco*, 448 F.3d at 792. The identification of such a policy is significant because it "is the cornerstone of any EEO disparate-impact investigation, since the EEO must evaluate both the policy's effects on protected classes and any business justifications for the policy." *Id.* In addition, the incidents of discrimination contained in the plaintiff's EEOC charge were examples of disparate treatment discrimination that occurred when the plaintiff was passed over for a promotion in favor of someone outside the protected group.

Like the plaintiff in *Pacheco*, the claims of discrimination in Hixson's EEOC Charge are facially disparate treatment claims since they allege that Hixson was treated negatively with respect to each teaching job he applied for, while younger and less-qualified applicants were treated favorably. Hixson's EEOC Charge clearly outlined the elements of a claim of intentional discrimination based on disparate treatment. He stated that he was a member of a protected class of individuals over 40 years of age, that he had suffered an adverse employment action in the form of refusals to hire, that he was qualified to receive the teaching positions for which he had applied, and he was treated less favorably than the younger, less-experienced teachers who had

been hired for these teaching positions. *See Willis v. Coca Cola Enters., Inc.*, 445 F.3d 413, 420 (5th Cir. 2006).

Further, Hixson's EEOC Charge does not refer to similar treatment of other employees in his protected group. *See McClain v. Lufkin Indus.*, 519 F.3d 264, 275 (5th Cir. 2008) (EEOC charge exhausted disparate impact claim in addition to disparate treatment claim because plaintiff had specifically stated that employer had discriminated against other African American employees); *Gates v. Lyondell Petrochemical Co.*, 227 Fed. Appx. 409 (5th Cir. 2007) (disparate impact claim could not be expected to grow out of EEOC charge where it alleged only disparate treatment towards plaintiff herself and failed to identify facially neutral employment policy).

Finally, Hixson's EEOC Charge makes no mention of HISD's practice of maintaining low health care costs or a hiring system based on such a practice. Hixson did not allege the existence of a facially neutral policy, which is an element of a disparate impact claim of discrimination. *See Hebert*, 682 F.2d at 1116 (disparate-impact plaintiff must show (1) a facially neutral policy; (2) that, in fact, has a disproportionately adverse effect on a protected class). Taken together, Hixson's facial disparate treatment claims in his EEOC Charge, the lack of specificity with respect to any employer policy, and the omission of reference to an adverse impact upon his protected class at large leads us to the conclusion that an EEOC investigation of disparate impact discrimination would not reasonably be expected grow out of the EEOC Charge. We hold that Hixson failed to administratively exhaust his disparate impact claim and has not met the prerequisite to filing suit on the disparate impact claim. Therefore, amendment of the complaint in this manner would be futile. We deny Hixson leave to amend his complaint to add a claim based on disparate impact.

IV.  **CONCLUSION**

Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. No. 50) is **DENIED AS MOOT**. Plaintiff's Motion for Leave to File Fourth Amended Complaint (Doc. No. 51) is **GRANTED IN PART** and **DENIED IN PART**. Hixson is granted leave to amend his complaint in accordance with the rulings contained in this order. Hixson must file his amended complaint no later than ten days after the date this order is signed.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 13th day of June, 2011.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE