UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALVA RALPH HIXSON, III, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:09-cv-3949 |
| § | |
| HOUSTON INDEPENDENT SCHOOL § | |
| DISTRICT, ET AL., § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Reconsideration (Doc. No. 76). Plaintiff asks the Court to reconsider its August 17, 2011 Memorandum and Order (Doc. No. 68), and also raises arguments for reconsideration of the Court's June 13, 2011 Memorandum and Order (Doc. No. 58). After considering the motion, the response thereto, and the relevant law, the Court finds that Plaintiff's Motion for Reconsideration must be **DENIED.**

### I. Background

Plaintiff Alva Ralph Hixson, III ("Plaintiff" or "Hixson") brought this suit against Defendant Houston Independent School District ("Defendant" or "HISD") because of HISD's alleged failure to hire him in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 629 *et seq*. In the Court's Memorandum and Order of August 17, 2011 (the "August 17 Order"), the Court laid out in detail the facts of this case. (Doc. No. 68.) In that opinion, the Court granted Defendant's Motion to Strike Plaintiff's Statistical Expert (Doc. No. 59) and Motion for Complete Summary Judgment

(Doc. No. 61). Plaintiff now moves the Court to reconsider both this ruling and the Court's Memorandum and Order of June 13, 2011 (the "June 13 Order") (Doc. No. 58), in which the Court denied Plaintiff's Motion for Leave to File a Fourth Amended Complaint.[1]

## II.     Legal Standard

A motion for reconsideration may be made under either Federal Rule of Civil Procedure 59(e) or 60(b).[2] *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004). If the motion is filed within ten days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *Id.* (internal citations omitted). *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir. 1998). Because of the timing of the filing of this motion, the Court treats this as a Rule 60(b) motion for reconsideration. Such a motion must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Id.* In considering a motion for reconsideration, a court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the

---

[1] While Plaintiff does not expressly ask the Court to reconsider the June 13 Order, the Court understands Plaintiff's motion to be asking for such reconsideration, as the motion asks the Court to reconsider its decision, made in the June 13 Order, not to allow Plaintiff to bring a disparate impact claim.

[2] While the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order. *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir. 1998).

basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

   III.   Analysis

Hixson moves the Court to reconsider the following holdings: (1) that Defendant presented legitimate, non-discriminatory reasons for failing to hire Plaintiff; (2) that Plaintiff failed to demonstrate pretext; (3) that Plaintiff's unauthenticated and hearsay evidence was not competent summary judgment evidence; (4) that Plaintiff's statistical expert must be stricken; and (5) that Plaintiff's disparate impact claim was not properly exhausted.

   A. **Defendant's Legitimate, Non-discriminatory Reasons for Failing to Hire Plaintiff**

Because the Court concluded that Hixson demonstrated the necessary elements of a *prima facie* case of age discrimination, it then moved to consider, under the *McDonnell Douglas* burden shifting framework, whether the Defendant provided a legitimate, nondiscriminatory reason for rejecting Hixson. *See McDonnell Douglas v. Green*, 411 U.S. 792 (1973). In the August 17 Order, the Court considered, among the many legitimate, nondiscriminatory reasons offered by HISD, the fact that HISD considered the prestige of the schools that applicants attended. The Court disagreed with Plaintiff's contention that such a standard is "subjective," explaining that "there are rankings and other metrics by which to decide which schools provide better academic training than others." (Doc. No. 68 at 34.) Hixson argues that, because HISD did not present any such rankings or metrics in its pleadings, the Court improperly "sides with the Defendant."

3

(Doc. No. 76 at 6.) Hixson further reurges his argument that academic training is not an appropriate substitute for actual teaching experience. (*Id.*)

Hixson misunderstands the Court's opinion on this point. The Court did not intend to suggest that it agrees with HISD's methods for hiring or its conclusions about which schools are more prestigious; rather, the Court held only that reliance on the prestige of a school attended by a job applicant is not a wholly subjective factor. The Court sees no manifest error in this conclusion.

### B. Plaintiff's Demonstration of Pretext

Hixson argues that he demonstrated that Defendant's proffered reasons for failing to hire him were pretextual, and that the Court therefore erred in granting summary judgment to HISD. In support of this contention, Hixson points to Josephine Morgan's signed endorsement of his qualifications, and makes the same arguments with regard to this endorsement as he did in response to Defendant's Motion for Summary Judgment. The Court has already held that Morgan's "review and endorsement of Hixson's materials says nothing about whether the principals who reviewed Hixson's materials found the errors contained in them to be a reason to exclude Hixson" (Doc. No. 68, at 32), and finds no manifest error of law or new evidence on this point.

Hixson's other arguments for reconsideration of the Court's holding with regard to pretext likewise fail. These arguments are either based upon points that the Court analyzed in depth in the August 17 Order, or on unsupported allegations. For example, Hixson alleges that HISD personnel could have manipulated his online employment application. He contends that, because this application was unauthenticated, the Court should not have considered the document. Contrary to Hixson's assertion, his application

4

materials were authenticated by Ann Best in a sworn and signed declaration submitted with HISD's Motion for Summary Judgment (Doc. No. 61, Ex. A). Hixson fails to clearly establish a manifest error of law or to present newly discovered evidence on his demonstration of pretext.

### C. Plaintiff's Unauthenticated and Hearsay Evidence

Hixson argues that the Court improperly excluded unauthenticated evidence and hearsay evidence. He contends that HISD misled the Court as to the proper standard for considering summary judgment evidence. In particular, Hixson criticizes Defendant's reference to *Martin v. John W. Stone Oil Distributor, Inc.*, 819 F.2d 547, 549 (5th Cir. 1987), for the proposition that "hearsay evidence may not be considered in summary judgment proceedings." Hixson argues that Defendant misstated this standard, and cites *Martin* for the proposition that, as long as evidence can be authenticated at trial, it is proper summary judgment evidence.[3] Hixson misconstrues *Martin*, and conflates the concepts of authentication and admissibility at trial.[4] Hearsay evidence, because it is inadmissible at trial, is not competent summary judgment evidence. The Court did not err in excluding Plaintiff's hearsay evidence.

### D. Plaintiff's Statistical Expert

In the August 17 Order, the Court granted Defendant's Motion to Strike Plaintiff's Expert, Brian D. Marx ("Marx"), Ph.D. After reviewing Marx's qualifications and his expert opinion, the Court concluded that, for a number of reasons, Marx's

---

[3] Plaintiff cites the Fifth Circuit's statement in *Martin* that courts "may properly consider the affidavits and depositions insofar as they are not based on hearsay or other information excludable from evidence at trial." *Martin*, 819 F.2d at 549.

[4] Plaintiff's confusion on this issue is certainly understandable; as a pro se litigant, Plaintiff has made an impressive effort to understand and apply the relevant legal principles in this case.

opinions regarding the TEA Chart, the HISD Chart, and the job offers that Hixson should have received were based on insufficient facts and data and failed to take into account significant variables. The Court thus struck Marx's expert opinion in its entirety.

Hixson's arguments on this point are not based on a manifest error of law, nor does he present new evidence; rather, Hixson reurges his argument that Marx's statistical analysis demonstrates an "outrageous disparity" in HISD's hiring practices. (Doc. No. 76, at 15.) Hixson's primary point appears to be that, despite the possible flaws in Marx's expert reports, the reports still "raise[] an inference of unequal hiring rates." (*Id.* at 19.) Nothing that Hixson puts forward in this Motion for Reconsideration convinces the Court that it erred in concluding that Marx's expert opinion suffered from flaws that mandated its exclusion.

### E.  Plaintiff's Disparate Impact Claim

Finally, Hixson contends that the Court erred by dismissing his disparate impact claim. Unlike the above holdings which were each made in the Court's August 17 Order, the decision to exclude Plaintiff's disparate impact claim was made in the Court's July 13 Order (Doc. No. 58). In that Order, the Court determined that Hixson could not bring a claim for disparate impact because such a claim had not been administratively exhausted.

In his Motion for Reconsideration, Plaintiff argues that, because there was no box to check on his EEOC complaint to indicate that he was asserting a disparate impact claim, such a claim could not have been, and need not have been, administratively exhausted. Plaintiff misinterprets the Court's holding. While Plaintiff is correct that he did not need to check a "disparate impact" box, his EEOC charge still needed to provide information out of which an EEOC investigation of disparate impact would reasonably be

6

expected to grow. *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006). In determining that Plaintiff's disparate impact claim had not been administratively exhausted, the Court considered (1) Hixson's facial disparate treatment claims in his EEOC charge; (2) the lack of specificity with respect to any employer policy; and (3) the omission of any reference to an adverse impact upon his protected class at large. Hixson has not demonstrated any manifest error of law or fact, and has not presented newly discovered evidence to convince the Court that it erred in denying Plaintiff's motion to file an amended complaint raising a disparate impact claim.

## IV.     Conclusion

Because Plaintiff fails to clearly establish either a manifest error of law or fact and does not present newly discovered evidence, Plaintiff's Motion for Reconsideration (Doc. No. 76) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this the 13th day of October, 2011.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE